OTOE COUNTY, PLAINTIFF IN ERROR, V. FREDERICK HEYE ET AL., DEFENDANTS IN ERROR.

1. **Roads**: DAMAGES ON OPENING.  Where a public road is located alongside of a railway previously constructed and in operation, the jury in awarding damages to the land owner for such public road cannot consider as an element of damage the fact that teams passing along such road might be frightened by the cars and run away and injure this land owner's fences or crops.

2. ———: ———: INSTRUCTION TO JURY.  The jury should be instructed as to what constitutes the proper elements of damage and an instruction that the jury should allow the land owner "any incidental damages sustained by reason of the location of the road," etc., without stating what constitutes incidental damages, is liable to mislead the jury.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*John C. Watson*, for plaintiff in error, cited: *Wagner v. Gage County*, 3 Neb., 242.

*Frank T. Ransom*, for defendants in error, cited: 3 Sutherland Damages, 434.  *Bigelow v. R. R.*, 27 Wis., 478. *Bland v. Hixenbaugh*, 39 Iowa, 532.  *M., K. & T. R. R. v. Haines*, 10 Kan., 439.  *Fowler v. R. R.*, 107 Mass., 352.

19

MAXWELL, CH. J.

In August, 1884, a petition duly signed was presented to the county commissioners of Otoe county praying for the location of a public road commencing at the north-east corner of the south-east quarter of section 22, township 8, range 13 east, running thence west on north line of said section to its intersection with the line of the Nebraska railway, thence along the line of said railway to the western line of said quarter section at Summit Station. The road was located as prayed, whereupon the defendants in error filed a claim for damages, and were allowed $115, from which award they appealed to the district court.

On the trial of the cause in the district court the jury returned a verdict in their favor for the sum of $250, upon which judgment was rendered. The county brings the cause into this court by petition in error.

The testimony tends to show that the railway had been built and was in operation when this road was located and it is to be presumed that the owner of the land in controversy when the railway was located and constructed had received compensation for all injuries caused by the location and operation of said railway. Such damages, therefore, as the railway company was liable for upon condemning the right of way cannot be considered in estimating the amount due for damages to the same tract by reason of the location of a public road alongside of such railway. In other words, the railway company is required to pay for the land actually taken and for such incidental damages to the residue of the tract as tend to diminish its value. What elements enter into the computation of such damages need not now be considered as the question is not before the court.

The court gave the following instructions to the jury:

"In addition to the actual value of the land you should allow him any incidental damages sustained by reason of

the location of the road, if any such from the evidence you find he has sustained, such as building and maintaining additional fences, made necessary by the location of the road, as well *as any other facts which you may find from the evidence that would in any way depreciate the value of the land or farm* by reason of the establishment of the road complained of, and in no event can you reduce the damages so sustained by plaintiff on account of any benefits sustained by him in common with his neighbors on account of the establishment of the road complained of." Also the following: " If you find for the plaintiff you will take into consideration the value of the whole tract of land over which the road is located before the portion thereof was taken for a road and its value after the taking, and also whether the horses and teams driven along the located road are liable to be frightened by engines passing along the railroad mentioned in the evidence, and to run away and to destroy property, such as crops and fences on the land, and any general or particular inconvenience to which the plaintiffs will be put by reason of the locating of the road and the taking of the land for the use thereof. The plaintiffs are entitled to be compensated not only for the value of the land appropriated, but also for the incidental injury to the value of the residue."

These instructions were duly excepted to, and the giving of the same is now assigned for error.

Some of the witnesses had testified that teams passing along the proposed road were liable to be frightened by passing trains and would run off over the defendant's grain or grass, causing damage. Also that teams frightened in this manner are liable to break or injure the fence if erected, unless it was very substantial, and one witness, after estimating the damages at a large sum, adds, "to say nothing of the embarrassment caused by travelers and the public, which is very embarrassing. I have had it." Cross-examined: "They will steal your chickens, carry off your eggs,

hatchet—anything.   But in this instance I base the damage on the value of the land and cost of fencing," etc.

The objection to the instructions complained of is in submitting to the jury the question of mere possible damages not resulting from the appropriation and legitimate use of the road, as ": any incidental damages sustained by reason of the location of the road," "whether the horses and teams driven along the public road are liable to be frightened by engines passing along the railroad mentioned in the evidence, and to run away and destroy property such as crops and fences on the land."   Such damages are too remote and uncertain to be considered, and are not within the rule stated in the cases cited by the defendant in error.   *Snyder v. W. U. R. R. Co.*, 25 Wis., 60.   *Biglow v. W. W. Ry. Co.*, 27 Wis., 478.   *Parks v. W. Cent. R. R. Co.*, 33 Wis., 413.

In those cases the damages allowed were such as presumably resulted from the location, construction, and operation of the railroad—not such as were liable to result from other causes.

The instructions are objectionable also, because too indefinite.   The jury should be told in clear and direct language what may be considered by them in making up their verdict and not be left to conjecture as to what constitutes incidental damages.   For error in giving the above instructions the judgment of the court below is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.

The other judges concur.